IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LAMONT CROMWELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1048 |
| | ) | Judge Joy Flowers Conti/ |
| MICHAEL MANFREDI, Officer of South | ) | Chief Magistrate Judge Amy Reynolds Hay |
| Strabane Police Department, South | ) | |
| Strabane Township, Washington, PA; CARL | ) | |
| MARTIN, Officer of City of Washington | ) | |
| Police Department, Washington County, PA; | ) | |
| JOHN C. PETTIT, former Washington | ) | |
| County District Attorney, Washington, PA; | ) | |
| PATRICK LEARY, State Police Officer of | ) | |
| Washington County PA State Police | ) | |
| Barracks, Washington, PA; KENNETH | ) | |
| WESTCOTT, Then Mayor of City of | ) | |
| Washington Pennsylvania; CITY OF | ) | |
| WASHINGTON PENNSYLVANIA; | ) | |
| STATE POLICE DEPARTMENT OF | ) | |
| WASHINGTON COUNTY | ) | |
| PENNSYLVANIA; CITY OF | ) | |
| WASHINGTON POLICE DEPARTMENT | ) | |
| Washington County Pennsylvania; | ) | |
| | ) | |
| Defendants | ) | Re Dkt Nos. [39]; [46]; & [79] |

**MEMORANDUM ORDER**

The above-captioned pro se civil rights action was received by the Clerk of Court on July 28, 2008, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the then

in-force Local Rules 72.1.3 and 72.1.4, which do not materially differ from the now in-force Local Civil Rules 72.C and D.

The magistrate judge's amended report and recommendation ("Report"), Dkt. [90], filed on August 21, 2009, recommended that the defendants' motions to dismiss be granted and that pursuant to the PLRA screening provisions, the claims against all defendants be dismissed for failure to state a claim upon which relief can be granted. Plaintiff filed objections, which are addressed herein. Dkt. [91].

None of the objections merits rejection of the Report nor extended comment. Initially, it is noted that in the objections, plaintiff included a blank page, i.e., page number 3, which was scanned onto the docket and that the existence of the blank page is not a scanning error.

Plaintiff spends the first several pages of his objections asserting alleged inconsistencies in the arresting officers' accounts of their encounter with plaintiff. The alleged inconsistencies occurred in their affidavits of probable cause, their initial incident reports and their testimony at the preliminary hearing. Dkt. [91] at 1 to 9. The alleged inconsistencies are irrelevant to the recommended disposition of the Report because, as pointed out in the Report, plaintiff pled guilty and cannot establish that the proceedings which were supposed to have been maliciously initiated against him terminated in his favor as is required by Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989). Even if this court accepts as true for the sake of argument that the police lied, as plaintiff intimates, that fact would be completely irrelevant to his malicious prosecution claim.

Plaintiff's Fourth Amendment excessive force claim failed because in the absence of allegations which would show that he was seized with excessive force in violation of the Fourth Amendment, there is no plausible claim under the Fourth Amendment. See California v. Hodari

D., 499 U.S. 621 (1991). Whether the officers lied (again, accepting solely for the sake of argument that they did in fact do so) is irrelevant to whether plaintiff was seized with excessive force, as plaintiff's allegations show he was never seized.

Plaintiff's argues that he was in fact seized. He first cites to United States v. Mendenhall, 446 U.S. 544 (1980), for the proposition that merely because the defendant police officers in this case showed authority and attempted to restrict plaintiff's liberty, he was seized. Dkt. [91] at 7. Plaintiff's reliance on Mendenhall is misplaced. The Mendenhall test for seizure, i.e., whether a reasonable person would feel free to leave from the police encounter, has been explained to be a "'a necessary, but not a sufficient condition for seizure-or, more precisely, for seizure effected through a 'show of authority.' " Hodari D., 499 U.S. at 628 (quoting Mendenhall)(emphasis omitted). In Hodari D., the Court held that a seizure does not occur when the subject fails to yield to a show of authority. 499 U.S. at 626. "To be clear, a seizure 'requires either physical force ... or, where that is absent, submission to the assertion of authority.' Id. The simple act of an assertion of authority by an officer is insufficient to transform an encounter into a seizure without actual submission on the part of the person allegedly seized." United States v. Smith, 575 F.3d 308, 313 (3d Cir. 2009)(quoting Hodari D., 499 U.S. at 626). Plaintiff never submitted to any show of force by the officers, including their firing of the gun, as pointed out by the Report. Hence, there could be no seizure for Fourth Amendment purposes.

Plaintiff argues that he was "seized" because when defendant "Martin first approached plaintiff's vehicle, plaintiff attempted to pull away and stopped because defendant Martin got in the path of the vehicle. Plaintiff fled the scene once defendant Martin appeared at plaintiff's front passenger[']s window." Dkt. [91] at 12, ¶ 9. Showing that the plaintiff's liberty of movement in

the car was restrained and he could not go the way he wanted, does not, under the analysis of Hodari D., mean that he was seized for Fourth Amendment purposes, absent a physical touching of the plaintiff's person as required under Hodari D. Just as Hodari D.'s freedom of movement was restrained by the chasing officer, i.e., Hodari D. could not run toward the chasing officer if he did not want to be arrested or caught, so too, the mere fact that the plaintiff could not go one way and was forced to stop, thereby restraining his freedom of movement, is not a seizure, absent a physical touching of plaintiff's person or a submission to a show of force. No physical touching or submission to a show of force was alleged, and based on the facts pled, none occurred. There was no seizure, and hence no Fourth Amendment violation.

Plaintiff's invocation, at Dkt. [91] at 13, of United States v. Strickler, 490 F.2d 378 (9th Cir. 1974) is also misplaced. Strickler's reasoning is inconsistent with Hodari D. Dkt. [90] at 15, n. 15. A mere restriction on the freedom of a person's movement, i.e., a person does not reasonably feel free to leave, does not suffice for a seizure to occur where the officers make a show of authority unless the officer physically touches the person or the person submits to the show of authority, as was clearly not the case here. Smith, 575 F.3d at 313.

With respect to plaintiff's objections about the failure of defendants Leary and the Pennsylvania State Police and others to investigate properly this encounter, Dkt. [91] at 9 to 11, ¶ 4, the Report adequately addressed this matter. Because plaintiff's complaint contains insufficient factual allegations to establish a plausible claim under the Fourth Amendment, the failure to investigate properly is a nonissue.

Plaintiff asserts that he will soon be represented by private counsel, who will be entitled to review the entire record and amend plaintiff's complaint as he sees fit. Dkt. [91] at 11, ¶ 6. Even

if true, the anticipation of an amendment is not a valid ground for rejecting the Report. Plaintiff complains that he is sure that "either the Eigtht [sic] amendment violation or the loss of plaintiff's 1988 XJ Jaguar and $840.00 dollars in U.S. Currency was not listed in plaintiff's first amended complaint." Dkt. [91] at 12. Those facts, however, were included in the operative complaint at issue. Dkt. [16] at 7, ¶ 3 (listing Eighth Amendment as a separate claim); Id. at 13, ¶ 13 ("The plaintiff has suffered through this incident the loss of $846.00 dollars and the loss of a 1988 XJ6 Jaguar worth $ 7,000.00 with new stereo included."). Hence, to the extent that plaintiff is seeking to amend his complaint to include those allegations, the request would be denied as moot given that these allegations were included in the operative complaint in this case. Any other objection not specifically addressed herein is found to have been adequately addressed in the Report.

After *de novo* review of the pleadings and the documents in the case, together with the report and recommendation and objections, the following order is entered:

**AND NOW**, this 17th day of September, 2009;

**IT IS HEREBY ORDERED** that the Complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. The dismissal is without prejudice to the plaintiff's right to file an amended complaint on or before October 20, 2009 to include factual allegations sufficient to state claims. Failure to file an amended complaint will result in the entry of a final order dismissing this case with prejudice.

**IT IS FURTHER ORDERED** that the Amended Report and Recommendation, Dkt. [90], filed on August 21, 2009 by Chief Magistrate Judge Hay, is adopted as the opinion of the court, as supplemented by this Memorandum Order.

Plaintiff is advised that he has the right for thirty (30) days to file a notice of appeal in the office of the District Court's Clerk of Courts from our order dismissing his complaint. Fed. R.App. P. 4(a)(1)(A).

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: The Honorable Amy Reynolds Hay
Chief United States Magistrate Judge

Andre Lamont Cromwell
47917-1
Stevens Correctional Center
795 Virginia Avenue
Welch, WV 24801

Counsel of Record via CM-ECF