IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE LAMONT CROMWELL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-1048 |
| | ) | Judge Joy Flowers Conti/ |
| MICHAEL MANFREDI, Officer of South | ) | Chief Magistrate Judge Amy Reynolds Hay |
| Strabane Police Department, South | ) | |
| Strabane Township, Washington, PA; CARL | ) | |
| MARTIN, Officer of City of Washington | ) | |
| Police Department, Washington County, PA; | ) | |
| JOHN C. PETTIT, former Washington | ) | |
| County District Attorney, Washington, PA; | ) | |
| PATRICK LEARY, State Police Officer of | ) | |
| Washington County PA State Police | ) | |
| Barracks, Washington, PA; KENNETH | ) | |
| WESTCOTT, Then Mayor of City of | ) | |
| Washington Pennsylvania; CITY OF | ) | |
| WASHINGTON PENNSYLVANIA; | ) | |
| STATE POLICE DEPARTMENT OF | ) | |
| WASHINGTON COUNTY | ) | |
| PENNSYLVANIA; CITY OF | ) | |
| WASHINGTON POLICE DEPARTMENT | ) | |
| Washington County Pennsylvania; | ) | |
| | ) | |
| Defendants | ) | Re: ECF Nos. 102, 121 & 125 |

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Defendants' Motions to Dismiss be granted and it is further recommended that pursuant to the screening provisions of the PLRA, 28 U.S.C. §§ 1915(e) and 1915A, that all claims against all Defendants be dismissed.

**REPORT**

This case has been the subject of a prior Report and Recommendation ("Report"), which recommended that the first amended complaint be dismissed for failure to state a claim upon which relief can be granted. ECF No. 90. Over Plaintiff's objections, ECF No. 91, the District Judge adopted the Report and dismissed the first amended complaint without prejudice to filing a second amended complaint within a time certain. ECF No. 92. Plaintiff eventually filed a second amended complaint, which is now the operative complaint. ECF No. 99. However, because that second amended complaint does not cure the defects of the first amended complaint, the second amended complaint likewise ought to be dismissed for failure to state a claim upon which relief can be granted and the dismissal should be with prejudice because further amendment would be futile.

Andre Lamont Cromwell ("Plaintiff") has now filed a second amended complaint that does not differ significantly from the first amended complaint that was subject to dismissal. Plaintiff's claims are based on an incident occurring in November 2006, when two police officers, namely Defendants Michael Manfredi and Carl Martin, who, acting as members of the Washington County Drug Task Force, attempted to stop Plaintiff. Plaintiff sped off in a car, hitting one of the police officers, i.e., Officer Martin. Defendant Martin, having been struck by the car and seeing the car coming at Officer Manfredi, shot at Plaintiff while Plaintiff was in the car, attempting to leave. Plaintiff was eventually caught by other officers some distance away and arrested. Although he had been charged with aggravated assault for the incident in November 2006, Plaintiff eventually pleaded guilty to only two counts of Recklessly Endangering Another Person ("REAP"). Plaintiff now alleges that the Defendants engaged in excessive force and

maliciously prosecuted him. He further claims that the employers of the police officers failed to train them. Lastly, he complains that the Pennsylvania State Police who investigated the incident, failed to perform a thorough investigation.

**Relevant Procedural and Factual History**

Plaintiff's original complaint was filed at ECF No. 7. Thereafter, Plaintiff filed a first amended complaint, ECF No. 16, which was the subject of the prior report, recommending that the first amended complaint be dismissed. The Report recommended the dismissal of the complaint. The Report noted that primarily Plaintiff alleged a Fourth Amendment violation in the alleged use of excessive force. The Report noted that because there was no seizure under the Fourth Amendment, pursuant to the holding of California v. Hodari D., 499 U.S. 621 (1991), the complaint failed to state a Fourth Amendment claim. The Report noted that under Hodari D, a seizure occurs for Fourth Amendment purpose either when there is physical touching of the suspect's person by the seizing officer or, when such physical touching of the suspect's person is absent, then when there is submission by the suspect to the assertion of authority and the Report noted that the complaint asserted neither. ECF No. 90 at 12 5o 15. Plaintiff filed objections, ECF No. 91, in which he argued that

> when the defendants Manfredi and Martin first approached plaintiff's vehicle, plaintiff had attempted to pull away then stopped because defendant Martin got into the path of the vehicle, plaintiff fled the scene once defendant Martin appeared at Plaintiff's front passenger[']s window, which clearly establishes that Plaintiff was seized momentarily but got away. . . .

ECF No. 91 at 12, ¶ 9. Plaintiff made such an argument, relying upon United States v. Strickler, 490 F.2d 378 (9th Cir. 1974). ECF No. 91 at 13, ¶ 9. The District Judge rejected such an argument as follows:

3

> Plaintiff argues that he was "seized" because when defendant "Martin first approached plaintiff's vehicle, plaintiff attempted to pull away and stopped because defendant Martin got in the path of the vehicle. Plaintiff fled the scene once defendant Martin appeared at plaintiff's front passenger[']s window." Dkt. [91] at 12, ¶ 9. Showing that the plaintiff's liberty of movement in the car was restrained and he could not go the way he wanted, does not, under the analysis of Hodari D., mean that he was seized for Fourth Amendment purposes, absent a physical touching of the plaintiff's person as required under Hodari D. Just as Hodari D.'s freedom of movement was restrained by the chasing officer, i.e., Hodari D. could not run toward the chasing officer if he did not want to be arrested or caught, so too, the mere fact that the plaintiff could not go one way and was forced to stop, thereby restraining his freedom of movement, is not a seizure, absent a physical touching of plaintiff's person or a submission to a show of force. No physical touching or submission to a show of force was alleged, and based on the facts pled, none occurred. There was no seizure, and hence no Fourth Amendment violation.
>
> Plaintiff's invocation, at Dkt. [91] at 13, of United States v. Strickler, 490 F.2d 378 (9th Cir. 1974) is also misplaced. Strickler's reasoning is inconsistent with Hodari D. Dkt. [90] at 15, n. 15. A mere restriction on the freedom of a person's movement, i.e., a person does not reasonably feel free to leave, does not suffice for a seizure to occur where the officers make a show of authority unless the officer physically touches the person or the person submits to the show of authority, as was clearly not the case here. Smith, 575 F.3d at 313.

ECF No. 92 at 3 to 4. The District Judge then permitted Plaintiff to file a second amended complaint.

Thereafter Plaintiff filed his second amended complaint, ECF No. 99, and a brief in support thereof. ECF No. 100.[1] Defendant Patrick Leary filed a motion to dismiss the second amended complaint, ECF No. 102, and a brief in support, ECF No. 103, noting that the allegations against Defendant Leary are "virtually identical" to the allegations raised in the first amended complaint. ECF No. 103 at 2. After being ordered to do so, Plaintiff filed his response to Defendant Leary's motion to dismiss. ECF No. 109.

---

[1] Plaintiff also filed an interlocutory appeal to the Third Circuit Court of Appeals from the order dismissing the first amended complaint without prejudice. That appeal was dismissed for lack of jurisdiction. ECF No. 118.

Next, Defendants City of Washington, the City of Washington Police Department and Officers Martin and Westcott (collectively, "the Washington County Defendants") filed a motion to dismiss Plaintiff's second amended complaint, ECF No. 121, and a brief in support, ECF No. 122, noting that the facts alleged in the second amended complaint constitute the very "same factual scenario presented in Plaintiff's Amended Complaint which was dismissed by the Court. See, Amended Complaint [Doc. No. 16] and R&R [Doc. No. 90]. There are now [sic, should be "no"] new facts pled in the SAC which establish a plausible claim upon which relief can be granted." ECF No. 122 at 4. Plaintiff then filed his response to the Washington County Defendants' motion to dismiss. ECF No. 124.

Finally, Officer Manfredi filed a motion to dismiss the second amended complaint, ECF No. 125, and a brief in support, ECF No. 126, in which Officer Manfredi also noted that the allegations of the second amended complaint are essentially the same as those alleged in the first amended complaint. ECF No. 126 at 4. Plaintiff then filed a response to Officer Manfredi's motion to dismiss, and apparently also intended to respond yet again to the motions to dismiss filed by the Washington County Defendants and Defendant Leary. ECF No. 127.

**Applicable Legal Standards**

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the Complaint and all reasonable inferences must be viewed in the light most

5

favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). Nevertheless, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *amended by,* 275 F.3d 1187 (9th Cir. 2001). Nor must the Court accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). In addition, the Court of Appeals in Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004), held that a "defendant may submit an indisputably authentic [document] to the court to be considered on a motion to dismiss[.]"

The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the indisputably authentic exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" Bell Atlantic Corp., 550 U.S. at 555. Or put another way, a complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief

6

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In addition, because Plaintiff was, at the time of the filing of this civil action,[2] a prisoner and because he named governmental entities or employees thereof as defendants, the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. § 1915A apply herein. In addition, because he is proceeding in forma pauperis, the screening provisions of 28 U.S.C. § 1915(e) apply. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n.6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless sua sponte rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., CIV.A.06-115E, 2007 WL 1811198, at *4 (W.D.Pa. June 21, 2007), aff'd, 264 F.App'x 183 (3d Cir. 2008).

**Discussion**

The Court agrees with all of the Defendants that the second amended complaint does not state any new facts so as to take the second amended complaint outside of the reasoning of the prior Report.

The most significant difference is as follows. In the original complaint, Plaintiff alleged that

---

[2] See, e.g., In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)("If a litigant is a prisoner on the day he files a civil action, the PLRA applies."); Colby v. Sarpy County, No. 4:01CV3130, 2006 WL 519396, at *1 (D. Neb. March 1, 2006)("The status of the plaintiff at the time the lawsuit is initiated, i.e., whether the plaintiff is incarcerated when the complaint is filed, determines whether the PLRA applies to a case.").

> On November 8, 2006, at or around 10:00 am[,] the plaintiff became a victim of police brutality and also became a victim of malicious prosecution. On the above listed date and time[,] defendants Numbers One (1) and two (2) who are officers Michael Manfredi and Carl Martin[, respectively,] had an assigned duty to serve two (2) misdemeanor arrest warrants at 161 West Walnut [Street] Wash[.] Pa[.] 15301 on John Lindsey and Laurie Johnson, however instead the defendants disregarded their assigned duties, encountered Plaintiff as he set [sic, should be "sat"] alone in his vehicle, **restricted plaintiff[']s liberty of movement** at gun point then used deadly force on plaintiff by firing a shot at plaintiff as he simply attempted to terminate the defendants['] encounter by pulling away slowly. Defendant number one (1) [i.e., Officer Manfredi] initiated the encounter and defendant number two (2) committed the actual shooting.

ECF No. 16 at 9, ¶IV.C.1 (emphasis added). In the prior proceedings, i.e., the first Report and the District Judge's order adopting that Report, these allegations were found to be insufficient to state a Fourth Amendment violation.

In his second amended complaint, in an attempt to overcome the reasoning of the prior Report, Plaintiff attempted to allege that he did in fact submit to a show of authority and that is what constituted the seizure for Fourth Amendment purposes. Plaintiff alleged the following in relevant part.

> 8) As mr[.] lindsey [i.e., the target of the warrant] walked back around the back of the [Plaintiff's] vehicle[,] plaintiff was in the process of entering the vehicle[']s driver[']s door. 9) while mr. Lindsey was in the process of placing his item into the vehicle someone yelled "john" which prompt[ed] plaintiff to look to his left to observe a white male walking down the sidewalk on the same side of the street as mr. Lindsey's residence (defendant Manfredi who was dressed in plain clothes). 10) at this time mr[.] lindsey had placed his item inside the vehicle then immediately turned to approach the defendant manfredi who was walking down the sidewalk. 11) At this time plaintiff had entered his vehicle started it and rolled down the window of the driver[']s door . . . . then suddenly the defendant manfredi drew his firearm, aiming it at plaintiff while quickly approaching plaintiff's vehicle[, at the] 9 o[']clock position[,] yelling "andre don't pull off". . . . 15) the defendant manfredi stopped in the middle of the street but was positioned parallel to the vehicle's 9 o[']clock position. 16) the Defendant manfredi's actions

8

> prompt[ed] the defendant Martin to draw his firearm and quickly approach plaintiff with his firearm aimed at plaintiff, however the defendant martin approached the vehicle from its 10 or 11 o[']clock position. 17) As soon as defendant manfredi reached the middle of the street, plaintiff quickly ducked, rolled the window back up, placed the vehicle into drive and attempted to pull away slowly. 18) at this time defendant martin had jumped into the path of the vehicle causing the plaintiff to immediately stop. (first submission) . . . .

ECF No. 99 at 2 to 3. Although Plaintiff indicates that his stopping of the car was his first submission, he nowhere contends that he engaged in a second or subsequent submission to the show of the officers' authority.

Plaintiff's alleged first submission is no different from the arguments he made in response to the Report which were rejected by the Memorandum Order of the District Judge who adopted the Report. The only thing of any significant difference that Plaintiff now adds is a citation to the case of <u>Moore v. Indehar</u>, 514 F.3d 756 (8th Cir. 2008). However, that case is easily distinguishable from this case because in <u>Moore</u>, there was a seizure, namely the bullet fired by the police officer made physical contact with the body of the fleeing suspect. Here, undisputably, there was no physical contact. Hence, the case of <u>Moore</u> is of no use to Plaintiff insofar as helping him to establish the alternative method of establishing a seizure for Fourth Amendment purpose, i.e., a show of submission to authority. It is true that the <u>Moore</u> court stated that "[w]hen an officer restrains an individual's liberty through physical force or a show of authority, a Fourth Amendment seizure occurs." <u>Id</u>., at 759. However, the statement is not sufficiently accurate under <u>Hodari D.</u> Under <u>Hodari D.</u>, it is inadequate merely for liberty to be restrained by means of a show of authority, there must be submission to the show of authority. Essentially, Plaintiff is again arguing that because he could not go into the path he wanted to drive, given the presence of Officer Martin blocking that path, Plaintiff's liberty was restricted and therefore he was seized.

9

However, the District Judge already rejected such an argument. As previously noted, the District

Judge in her Memorandum Order held as follows:

> Plaintiff argues that he was "seized" because when defendant "Martin first approached plaintiff's vehicle, plaintiff attempted to pull away and stopped because defendant Martin got in the path of the vehicle. Plaintiff fled the scene once defendant Martin appeared at plaintiff's front passenger[']s window." Dkt. [91] at 12, ¶ 9. Showing that the plaintiff's liberty of movement in the car was restrained and he could not go the way he wanted, does not, under the analysis of Hodari D., mean that he was seized for Fourth Amendment purposes, absent a physical touching of the plaintiff's person as required under Hodari D. Just as Hodari D.'s freedom of movement was restrained by the chasing officer, i.e., Hodari D. could not run toward the chasing officer if he did not want to be arrested or caught, so too, the mere fact that the plaintiff could not go one way and was forced to stop, thereby restraining his freedom of movement, is not a seizure, absent a physical touching of plaintiff's person or a submission to a show of force. No physical touching or submission to a show of force was alleged, and based on the facts pled, none occurred. There was no seizure, and hence no Fourth Amendment violation.
> Plaintiff's invocation, at Dkt. [91] at 13, of United States v. Strickler, 490 F.2d 378 (9th Cir. 1974) is also misplaced. Strickler's reasoning is inconsistent with Hodari D. Dkt. [90] at 15, n. 15. A mere restriction on the freedom of a person's movement, i.e., a person does not reasonably feel free to leave, does not suffice for a seizure to occur where the officers make a show of authority unless the officer physically touches the person or the person submits to the show of authority, as was clearly not the case here. Smith, 575 F.3d at 313.

ECF No. 92 at 3 to 4. Because Plaintiff alleges nothing in the second amended complaint that would render the reasoning of the prior Report inapplicable as to any of Plaintiff's claims, including the Fourth Amendment excessive force claim, the second amended complaint should be dismissed based on the reasoning contained in the prior report, a copy of which is attached hereto as an appendix and hereby incorporated herein.

Furthermore, given that Plaintiff has already amended his complaint with full knowledge of the defects that he had to surmount and because he failed to do so, the dismissal of the complaint should be with prejudice because it is clear that further amendment would be futile.

10

We will slightly elaborate on the qualified immunity analysis utilized in the prior Report for Defendants Manfredi and Martin on the alleged use of excessive force. We take judicial note that Plaintiff pleaded guilty to two counts of REAP in connection with his driving of the car in the direction of the officers and his actually striking Officer Martin with the car. See ECF No. 103-1 at 1 to 13 (Court of Common Pleas docket of Plaintiff's criminal case). See also ECF No. 77 (guilty plea transcript). Hence, by so pleading, Plaintiff admitted that he drove his car in such a manner so as to have "recklessly engage[d] in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. See, e.g., Brosseau v. Haugen, 543 U.S. 194, 197 (2004)(in a Section 1983 suit of a suspect shot while attempting to flee, the Court noted that the suspect "survived the shooting and subsequently pleaded guilty to the felony of 'eluding.' . . . By so pleading, he admitted that he drove his Jeep in a manner indicating 'a wanton or wilful disregard for the lives . . . of others.'"). Thus, at the time of the shooting, when Plaintiff admittedly was driving his car in the direction of the officers, even though Plaintiff states he did so slowly, however, even doing so slowly, Plaintiff cannot now disclaim that doing so placed or may have placed the officers in danger of death or serious bodily injury. Hence, a reasonable officer in the shoes of Martin could have reasonably believed that deadly force was justifiable because he or Officer Manfredi were being placed in danger of death or serious bodily injury by the Plaintiff's driving of the car in their direction and not heeding their orders to not drive the car and to put his hands up. See, e.g., Brosseau v. Haugen, 543 U.S. 194, 197-98 (2004)("[w]here the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force.")(quoting Tennessee v. Garner, 471 U.S. 1, 11 (1985)).

Accordingly, we find that the officers are entitled to qualified immunity as to any excessive force claim.

**CONCLUSION**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 7 September, 2010

cc: The Honorable Joy Flowers Conti
United States District Judge

Andre Lamont Cromwell
W.C.C.F.
100 West Cherry Avenue
Washington, PA 15301

Counsel of Record via CM-ECF