IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LAMONT CROWELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 08-1048 |
| ) | Judge Joy Flowers Conti/ |
| MICHAEL MANFREDI, Officer of South ) | Chief Magistrate Judge Amy Reynolds Hay |
| Strabane Police Department, South ) | |
| Strabane Township, Washington, PA; CARL ) | |
| MARTIN, Officer of City of Washington ) | |
| Police Department, Washington County, PA;) | |
| JOHN C. PETTIT, former Washington ) | |
| County District Attorney, Washington, PA; ) | |
| PATRICK LEARY, State Police Officer of ) | |
| Washington County PA State Police ) | |
| Barracks, Washington, PA; KENNETH ) | |
| WESTCOTT, Then Mayor of City of ) | |
| Washington Pennsylvania; CITY OF ) | |
| WASHINGTON PENNSYLVANIA; ) | |
| STATE POLICE DEPARTMENT OF ) | |
| WASHINGTON COUNTY ) | |
| PENNSYLVANIA; CITY OF ) | |
| WASHINGTON POLICE DEPARTMENT ) | |
| Washington County Pennsylvania; ) | |
| ) | |
| Defendants ) | Re: ECF Nos. 102, 121, & 125 |

## **MEMORANDUM ORDER**

The above-captioned pro se prisoner civil rights action was received by the Clerk of Court on July 28, 2008, and was referred to the now Chief United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the then in-force local rules.

The Chief Magistrate Judge filed a report recommending the grant of Defendants' motions

to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Docket No. 90. Over the objections of the Plaintiff, the Report was adopted and the complaint was dismissed, albeit without prejudice to Plaintiff's right to file an amended complaint within a time certain. Docket No. 92. Plaintiff filed a second amended complaint. Docket No. 99. The Defendants again filed motions to dismiss the second amended complaint. On September 7, 2010, the Chief Magistrate Judge again filed a Report and Recommendation, Docket No. 128, that recommended the case be dismissed because the second amended complaint failed to state a claim upon which relief could be granted. The Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), the local rules, he had a specific period of time in which to file his objections. Plaintiff filed his objections. Docket No. 129.

None of the objections merits rejection of the Report or extended comment.

Plaintiff complains that "it appears now that the court is holding the defendants' manfredi [sic] and martin's testimony credible which had to be based on pure conjectural [sic] for the fact that pursuant to the record of the preliminary hearing testimony by both defendants' [sic] there is no accurate testimony in regards to why plaintiff needed to be stopped and Most [sic] importantly the defendants' possessed no information that plaintiff was engaging in or had engaged in any illegal activity or that plaintiff was presently armed and dangerous at the time plaintiff was encountered to warrant the defendant's intrusion." Docket No. 129 at 1. The Report nowhere makes any credibility determinations regarding Defendants; rather, the Report simply found that there was no seizure for Fourth Amendment purposes because Plaintiff never was touched and did not comply with verbal commands. Those facts are reflected in the amended complaint and the Report is legally correct that no seizure occurred under controlling federal precedent, California v.

Hodari D., 499 U.S. 621 (1991), irrespective of what state law might find constitutes a seizure for purposes of the state constitution's analogue to the Fourth Amendment. Commonwealth v. Matos, 672 A.2d 769 (Pa. 1996)(rejecting Hodari D. test for seizure under the state constitution).

Plaintiff's argument that "had defendant manfredi's [sic] life been significantly threatened, he would've discharged his firearm himself" Docket No. 129 at 2, for the inference that neither of the officers' lives were threatened by Plaintiff's actions in driving the car toward them or toward one of them is simply foreclosed by his plea of guilty to two counts of Recklessly Endangering Another Person, as correctly pointed out by the Report. The Report in no way credited the account of Defendants in so holding, but simply gave preclusive effect to Plaintiff's guilty plea as the Report should have.[1]

---

[1] Under the Pennsylvania law of collateral estoppel, Plaintiff would be collaterally estopped from denying the essential facts of which he was accused and to which Plaintiff necessarily pleaded guilty. M.B. ex rel. T.B. v. City of Philadelphia, 128 Fed. App'x 217, 226 (3d Cir. 2005) ("Furthermore, in Pennsylvania, 'criminal convictions are admissible in civil actions arising from the same operative facts and circumstances [and] these convictions are conclusive evidence of the criminal acts.'") (quoting Stidham v. Millvale Sportsmen's Club, 618 A.2d 945, 952 (Pa.Super. Ct. 1993)); Harsh v. Petroll, 840 A.2d 404, 444 (Pa.Commw. Ct. 2003) ("Prior criminal convictions are conclusive evidence in subsequent civil actions arising out of the same incidents and concerning the same activity which was criminally prosecuted in the prior action."), *appeal granted in part by*, 862 A.2d 581 (Pa.2004), *and aff'd*, 887 A.2d 209 (Pa. 2005).

Hence, because Plaintiff would be collaterally estopped from denying these facts in a Pennsylvania state court, he is collaterally estopped from denying or otherwise controverting these facts in this federal court. Allen v. McCurry, 449 U.S. 90, 96 (1980); Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir.1986) ("The federal court, in determining the collateral estoppel effect [in a federal court case] of a state court proceeding, should apply the law of the state where the criminal proceeding took place."). Plaintiff is estopped from denying that he drove his car in such a manner so as to have "recklessly engage[d] in conduct which places or may place another person in danger of death or serious bodily injury." 18 PA. CONS. STAT. § 2705.

Alternatively, the doctrine of judicial estoppel prohibits Plaintiff from controverting these facts. "[J]udicial estoppel is a matter of federal law, not state law," unlike the applicability of collateral estoppel doctrine herein which is governed by Pennsylvania law. Lowery v. Stovall, 92 F.3d 219, 223 n.3 (4th Cir. 1996). The Supreme Court has explained the doctrine as follows:

The court will not further engage Plaintiff's objections because the Report relied upon qualified immunity as one of its alternative bases to recommend dismissal of this case. Plaintiff's objections fail to address this particular holding in any way. The qualified immunity defense, to which Plaintiff specifically failed to object, is sufficient to sustain the dismissal of the complaint.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

**AND NOW**, this ____ day of _____, 2010;

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss are GRANTED and the complaint is dismissed with prejudice as any further amendment would be futile.

**IT IS FURTHER ORDERED** that the Report and Recommendation, Docket No. 128, filed on September 7, 2010 by Chief Magistrate Judge Hay, is adopted as the opinion of the court. Any other pending motions are DENIED as moot. The Clerk is to mark the case closed.

Lastly, the court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

---

> [the] purpose [of the judicial estoppel doctrine] is "to protect the integrity of the judicial process," *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. (1982), by "prohibiting parties from deliberately changing positions according to the exigencies of the moment," *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993).

New Hampshire v. Maine, 532 U.S. 742, 749-501 (2001)(some citations omitted). Plaintiff is judicially estopped from claiming he did not "recklessly engage in conduct which places or may place another person in danger of death or serious bodily injury." See, e.g., Lowery v. Stovall, 92 F.3d 219, 224-25 (4th Cir. 1996) (giving judicial estoppel effect to a prior guilty plea to maliciously attacking an officer in a subsequent § 1983 suit brought by the criminal defendant who alleged a Fourth Amendment unreasonable seizure claim).

_____
Joy Flowers Conti
United States District Judge

Dated:

cc: The Honorable Amy Reynolds Hay
    Chief U.S. Magistrate Judge

    Andre Lamont Cromwell
    W.C.C.F.
    100 West Cherry Avenue
    Washington, PA 15301

    Counsel of Record via CM-ECF